# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO. 2:14-cv-00288 JRG |
| | § |
| emsCHARTS, INC, | § |
| | § |
| Defendant. | § |

## DEFENDANT EMSCHARTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant emsCharts, Inc. ("Defendant" or "emsCharts'") hereby submits its Answer and Affirmative Defenses to Plaintiff Golden Hour Data Systems, Inc.'s ("Plaintiff" or "Golden Hour") Complaint:

## JURISDICTION AND VENUE

1. emsCharts admits that the Court in case no. 2:06-cv-00381-JRG assigned a new case number for "[t]he determination of the appropriate royalty base for the post-verdict damages, the amount of the post-verdict damages, as well as the appropriate on-going royalty rate for ground medical transport" (Dkt. No. 474 at 32) and otherwise denies all other allegations in this paragraph.

2. emsCharts admits that this Court has jurisdiction over the subject matter of this action.

3. To the extent a response is required, emsCharts admits that venue appears to be proper under the statutory provisions cited by Plaintiff.

## THE PARTIES

4. emsCharts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

5. emsCharts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

6. emsCharts admits that emsCharts is a corporation organized and existing under the laws of the State of Pennsylvania, with a principal place of business at 600 Mifflin Road, Suite 102, Pittsburgh, PA 15207. emsCharts also admits that the designated agent for service of process is also located at this address.

7. emsCharts admits that it does business in this judicial district. emsCharts denies all remaining allegations contained in paragraph 7.

## RELEVANT PRPOCEDURAL BACKGROUND

8. emsCharts admits the allegations in paragraph 8.

9. emsCharts admits the allegations in paragraph 9 but denies that the '073 patent is valid, infringed, or enforceable as noted in its Motion for Judgment as a Matter of Law on Infringement (Dkt. No. 483), its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484), and its Motion for Reconsideration (Dkt. No. 486).

10. emsCharts admits the allegations in paragraph 9 but denies that the '073 patent is valid, infringed, or enforceable as noted in its Motion for Judgment as a Matter of Law on Infringement (Dkt. No. 483) and its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484), and its Motion for Reconsideration (Dkt. No. 486).

11. emsCharts admits that the Federal Circuit vacated the Court's finding of inequitable conduct and remanded for the Court to "make detailed factual findings" about "whether Hutton or Fuller in fact read the brochure and deliberately decided to withhold the damaging information from the PTO." Dkt. No. 302 at 26-27.

12. emsCharts admits the allegations in paragraph 12 but denies that the '073 patent is enforceable as noted in its Motion for Reconsideration (Dkt. No. 486).

13. emsCharts admits the allegations in paragraph 13 but denies that the '073 patent is valid, infringed, or enforceable as noted in its Motion for Judgment as a Matter of Law on Infringement (Dkt. No. 483), its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484), and its Motion for Reconsideration (Dkt. No. 486).

14. emsCharts admits the allegations in paragraph 14 but denies that the '073 patent is valid, infringed, or enforceable as noted in its Motion for Judgment as a Matter of Law on Infringement (Dkt. No. 483), its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484), and its Motion for Reconsideration (Dkt. No. 486).

15. emsCharts admits the allegations in paragraph 15 but denies that any royalties or damages are owed to Plaintiff as noted in its Motion for Judgment as a Matter of Law on Infringement (Dkt. No. 483), its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484), and its Motion for Reconsideration (Dkt. No. 486).

16. emsCharts admits that on April 24, 2014 the Court issued a Permanent Injunction (Dkt. No. 482), subject to a 270 day stay, enjoining emsCharts from infringing the '073 patent in

the air medical transport market. emsCharts further admits that the Permanent Injunction notes that "[d]uring the 270-day pendence of the stay of this Permanent Injunction, and as to the air medical transport market, Golden Hour shall be compensated by emsCharts with post-verdict damages, the calculation of which has been set forth in the Court's March 31, 2014 Order." *Id.* at 3. emsCharts denies that the '073 patent is valid, infringed, or enforceable as noted in its Motion for Judgment as a Matter of Law on Infringement (Dkt. No. 483), its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484), and its Motion for Reconsideration (Dkt. No. 486).

17.     emsCharts admits that the Court ordered Plaintiff to "file an appropriate complaint in the new case within thirty (30) days of a new case number being issued by the Clerk."

## CLAIM FOR RELIEF

18.     emsCharts admits the allegations in paragraph 18 but denies that the '073 patent is valid, infringed, or enforceable as noted in its Motion for Judgment as a Matter of Law on Infringement (Dkt. No. 483) and its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484).

19.     emsCharts denies the allegations in paragraph 19.

20.     emsCharts denies the allegations in paragraph 20.

21.     emsCharts admits that its products contain one or more data interfaces capable of making data available at the discretion of third parties including but not limited to their billing departments and any billing method that third parties at their sole discretion decide to employ, including software, and numerous other non-billing uses. emsCharts denies the that the '073 patent is valid, infringed, or enforceable as noted in its Motion for Judgment as a Matter of Law

on Infringement (Dkt. No. 483), its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484), and its Motion for Reconsideration (Dkt. No. 486).

22. emsCharts admits the allegations of paragraph 22 but denies that the '073 patent is valid, infringed, or enforceable as noted in its Motion for Judgment as a Matter of Law on Infringement (Dkt. No. 483), its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484), and its Motion for Reconsideration (Dkt. No. 486).

23. emsCharts admits the allegations of paragraph 23 but denies that the '073 patent is valid, infringed, or enforceable as noted in its Motion for Judgment as a Matter of Law on Infringement (Dkt. No. 483), its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484), and its Motion for Reconsideration (Dkt. No. 486).

24. emsCharts admits the allegations of paragraph 24 but denies that the '073 patent is valid, infringed, or enforceable as noted in its Motion for Judgment as a Matter of Law on Infringement (Dkt. No. 483), its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484), and its Motion for Reconsideration (Dkt. No. 486).

25. emsCharts admits that the Court in case no. 2:06-cv-00381-JRG assigned a new case number for "[t]he determination of the appropriate royalty base for the post-verdict damages, the amount of the post-verdict damages, as well as the appropriate on-going royalty rate for ground medical transport" (Dkt. No. 474 at 32) but denies that the '073 patent is valid, infringed, or enforceable as noted in its Motion for Judgment as a Matter of Law on Infringement

(Dkt. No. 483), its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484), and its Motion for Reconsideration (Dkt. No. 486).

26. Paragraph 26 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, emsCharts denies that the '073 patent is valid, infringed, or enforceable as noted in its Motion for Judgment as a Matter of Law on Infringement (Dkt. No. 483), its Motion for New Trial on the Issues of Invalidity Over the Prior Art, Willful Infringement, and Damages (Dkt. No. 484), and its Motion for Reconsideration (Dkt. No. 486). emsCharts denies that either its pre-verdict products or any of the multiple versions of its post-verdict products infringe any valid, enforceable claim.

27. To the extent not expressly admitted, emsCharts denies each and every allegation in the Complaint.

## PRAYER FOR RELIEF

emsCharts denies that Golden Hour is entitled to any of the relief sought in its prayer for relief.

## EMSCHARTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

28. No royalties are owed to Plaintiff, because the claims of the '073 patent are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Second Affirmative Defense

29. No royalties are owed to Plaintiff, because emsCharts' actions with respect to the use, sale or offer for sale of services or products or any other accused activity do not directly or indirectly infringe, contribute to the infringement or induce the infringement of any properly construed, valid and/or enforceable claims of the '073 patent.

### Third Affirmative Defense

30. Plaintiff has failed to state a claim against emsCharts upon which relief can be granted.

\*\*\*\*\*\*

31. emsCharts reserves the right to assert affirmatively any other matter that constitutes an affirmative defense under applicable laws and rules.

### PRAYER FOR RELIEF

WHEREFORE, emsCharts prays that this Court enter judgment:

A. dismissing the Complaint with prejudice and/or denying each and every prayer for relief contained therein; and

B. granting emsCharts such further relief as this Court may deem necessary, just or proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  May 15, 2014 | McKOOL SMITH, P.C. |

By:/s/ *Sam Baxter*
Sam Baxter, Lead Attorney
State Bar No. 01938000
P.O. Box 0
104 East Houston, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
sbaxter@mckoolsmith.com
Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
M. Jill Bindler
Texas State Bar No. 02319600
jbindler@mckoolsmith.com
McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Adrienne Gail Johnson
ajohnson@wileyrein.com
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Telephone: (202) 719-7000
Fax: (202) 719-7049

Of Counsel:
Eric H. Weisblatt (*Pro Hac Vice*)
eweisblatt@wileyrein.com
Rachel Kapust Hunnicutt (*Pro Hac Vice*)
rhunnicut@wileyrein.com
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Telephone: (202) 719-7416
Fax: (202) 719-7049

**ATTORNEYS FOR DEFENDANT
EMSCHARTS, INC.**

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this Answer on May 15, 2014, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                    */s/ Sam Baxter*
                                                    Sam Baxter