## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC., a California corporation, | NO.  2:14-cv-00288-JRG-RSP |
| Plaintiff, | |
| v. | Judge Rodney Gilstrap |
| EMSCHARTS, INC., a Pennsylvania corporation, | |
| Defendant. | |

### OPPOSED MOTION FOR RELIEF FROM INFRINGEMENT CONTENTIONS

Golden Hour Data Systems, Inc. ("Golden Hour") hereby moves for an indefinite extension of the deadline for providing infringement contentions.  Golden Hour respectfully submits that infringement contentions are not appropriate at this juncture. emsCharts is an adjudged infringer. *Golden Hour Data Systems, Inc. v. EMSCharts et al,* Case No. 2:06-cv-00381 ("*Golden Hour I*") Dkt. 475.  This Court has found that there is ongoing infringement. *Golden Hour I*, Dkt. 474 at 19 ("the evidence amply demonstrates on-going infringing activities, both direct and indirect.").  The Court severed the question of post-verdict royalties into a separate case number *Id.,* at 31.

There has already been an infringement trial and a Judgment thereon.  The question now is the extent to which emsCharts' post-verdict product offerings fall within the scope of that finding.  There will be an ongoing royalty of some amount – the Court created this new cause number for the "determination of the royalty base for post-verdict damages …." *Id.*

Ongoing royalties are a form of equitable relief, derived from the Patent Act's invocation of the court's injunctive power. 35 U.S.C. § 283; *Creative Internet Advertising Corp. v. Yahoo! Inc*., 674 F.Supp.2d 847, 854 (E.D. Tex. 2009). The burden remains on the plaintiff/patent holder to identify the products covered by an ongoing royalty. *Id,* at 855.  However, the plaintiff "<u>will not be required to put on a subsequent infringement case</u>." *Id.* (emphasis added).  There is no right to a jury trial regarding an ongoing royalty. *Paice LLC v. Toyota Motor Corp*., 504 F.3d 1293, 1315-16 (Fed. Cir. 2007).  Simply put, "not all monetary relief is properly characterized as 'damages.' " *Id*. at 1316.  Likewise, an assessment of ongoing royalties may not be used to reopen a validity challenge to the patent.  *See Id.* at 1317 (An ongoing royalty rate may be higher given the change in the parties' relationship, *i.e*., the fact that infringement and validity are no longer in question).  The exact procedure to be used to assess an ongoing royalty is a matter of discretion. *ActiveVideo Networks, Inc. v. Verizon Commc'ns*, Inc., 694 F.3d 1312, 1343 (Fed. Cir. 2012).

The question is not infringement, which has already been determined.  Not only past infringement, but ongoing infringement. *Golden Hour I*, Dkt. 474 at 19.  No further inquiry is needed for those products subject to the finding of ongoing infringement.  At most, the question is whether the new products are no more than colorably different than the products found to infringe. *Id.*  To the extent further inquiry is necessary, the colorable differences test focuses  "on those elements of the adjudged infringing products that the patentee previously contended, and proved, satisfy specific limitations of the asserted claims." *TiVo*, 646 F.3d at 882.  Put another way "the colorable-differences standard focuses on how the patentee in fact proved infringement, not what the claims require." *nCube Corp. v. SeaChange Int'l, Inc*., 732 F.3d 1346, 1351 (Fed.Cir. 2013).  The colorable differences inquiry is not a stem-to-stern analysis of the allegedly new and different product, but instead focuses on those elements alleged to have been modified. *TiVo Inc. v. EchoStar Corp*., 646 F.3d 869, 882 (Fed.Cir.2011) (en banc).  The new

- 2 -

products must also be analyzed to see if they infringe, but again, the focus is on the modified elements. *Id.*, at 883.   In conducting this analysis "[the adjudged infringer] cannot avoid its royalty obligations simply by renaming its products or making some trivial and immaterial change in the products." *Bianco v. Globus Medical, Inc*., ___ F.Supp. 2d ____, 2014 WL 2980740 *10 (E.D. Tex. July 1, 2014)(Federal Circuit Justice William Bryson sitting by designation).

**Conclusion**

It is premature to treat this as a new infringement case.  Granted, it is possible for new products to fail the colorably different test while still infringing the patent.  So an infringement case may be in the offing at some point.   But it may never come to that.

Golden Hour does not seek to use this motion as a vehicle to lay out for the Court's consideration the full schedule for assessing which products are subject to the finding of ongoing infringement and, if necessary, conducting a "colorably different" inquiry.  At this point Golden Hour demonstrates that it is more appropriate to put off infringement contentions until such time as the Court has set a full schedule going forward.

Respectfully submitted,

DATE: August 19, 2014          by: /s/ D. Jeffrey Rambin
                                   S. Calvin Capshaw
                                   Lead Attorney
                                   State Bar No. 03783900
                                   ccapshaw@capshawlaw.com
                                   Elizabeth L. DeRieux
                                   State Bar No. 05770585
                                   ederieux@capshawlaw.com
                                   D. Jeffrey Rambin
                                   State Bar No. 00791478
                                   jrambin@capshawlaw.com
                                   Capshaw DeRieux, LLP
                                   114 E. Commerce Ave.
                                   Gladewater, Texas 75647
                                   Telephone: (903) 236-9800
                                   Telecopier: (903) 236-8787

                                   Guillermo Cabrera
                                   gil@cabrerafirm.com
                                   The Cabrera Firm
                                   600 W. Broadway, Suite 700
                                   San Diego, CA 92101
                                   Telephone: 619-500-4880
                                   Telecopier: 619-785-3380

                                   Manuel F. de la Cerra
                                   The Law Office of Manuel de la Cerra
                                   manny@delacerralaw.com
                                   6885 Catamaran Drive
                                   Carlsbad, CA 92592
                                   Telephone: 760-809-5520
                                   Telecopier: 760-269-3542

                                   **ATTORNEYS FOR PLAINTIFF
                                   GOLDEN HOUR DATA SYSTEMS,
                                   INC.**

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel for Plaintiff conferred with counsel for Defendant, and this motion is opposed.

/s/ D. Jeffrey Rambin

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this August 19, 2014, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ D. Jeffrey Rambin